UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-456-H

DANIEL W. OTTMAN                                                                              PLAINTIFF

V.

JOHN D. REES                                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Daniel Ottman, ("Plaintiff") filed this federal civil rights action against John Rees ("Defendant") alleging that Defendant violated his civil rights by refusing to release Plaintiff despite a court order requiring Plaintiff's release. Plaintiff further alleges a state tort claim for wrongful imprisonment. Defendant has moved for summary judgment asserting three defenses to Plaintiff's claims. Defendant argues that federal law bars Plaintiff's claim, that Defendant has a qualified immunity that protects him from suits based on a violation of Plaintiff's Constitutional rights, and that Defendant is entitled to sovereign immunity on the state law claims.

I.

The facts of the case are not in dispute. While a juvenile, Plaintiff was convicted of assault and sentenced to ten years imprisonment by the Jefferson Circuit Court. When he turned 18, Plaintiff returned to the trial court for resentencing pursuant to Ky. Rev. Stat. § 640.030. The trial court ordered Plaintiff to serve the remainder of his ten-year sentence. Plaintiff then filed a motion for shock probation. On June 6, 2007, the Jefferson Circuit Court granted the motion and ordered Ottman shock probated.

The next day, the court set aside the shock probation order, having determined that

Ottman was a "violent offender" under the provisions of Ky. Rev. Stat. § 439.3401 and thus ineligible for shock probation. Upon consideration, the court decided that the "violent offender" limitations did not apply to youthful offenders. On June 19, 2007, the court reinstated the shock probation order. Defendant refused to release Plaintiff as required by the order. The Jefferson Circuit Court then issued an order requiring that Plaintiff be transported to the Jefferson Circuit Court from the Eastern Kentucky Correctional Complex for a hearing to be held on June 25, 2007. At the hearing, the court ordered Plaintiff released from custody.

## II.

Summary judgment is appropriate where there exists no genuine issues of material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Since the parties do not dispute the facts summary judgment is appropriate.

## III.

### A.

Defendant's first argument is that the Prison Litigation Reform Act, 42 U.S.C. § 1997e bars this suit. The pertinent section of the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Plaintiff seeks damages for mental or emotional injury and has not plead any physical injury. Therefore, if the PLRA applies, his suit would be barred. The PLRA

2

contains several provisions that bar certain types of law suits brought by prisoners in certain situations.[1]

At the time this lawsuit was filed, Plaintiff was no longer a prisoner. While the Sixth Circuit has not addressed the question of whether the PLRA applies to a person who is not a prisoner at the time the suit was filed, other circuits have held that the PLRA does not apply in such cases. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006); *Norton v. The City of Marrietta, OK*, 432 F.3d 1145 (10th Cir. 2005); *Ahmed v. Dragovich*, 297 F.3d 201 (3rd Cir. 2002); *Greig v. Goord*, 169 F.3d 165 (2nd Cir. 1999). Furthermore, courts have specifically held that the personal injury requirement of 42 U.S.C. § 1997e(e), the issue in this case, does not apply to an individual who is not incarcerated at the time the suit is filed. *Harris v. Garner*, 216 F.3d 970, 979-80 (11th Cir. 2000), certiorari denied 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2000); *Kerr v. Puckett*, 138 F.3d 321, 322-23 (7th Cir. 1998).

The Court agrees that by its plain language the PLRA only applies to prisoners incarcerated at the time the suit was filed. Since Plaintiff was not a prisoner at the time the suit was filed, the PLRA does not bar this suit.

B.

Defendant claims he is immune from Plaintiff's federal claims based on the doctrine of qualified immunity. As the Supreme Court said, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While discretionary functions

---

[1] For example, the PLRA bars section 1983 actions brought by a prisoner before the prisoner has exhausted the available administrative remedies. 42 U.S.C. § 1997e(a).

may be granted qualified immunity, ministerial functions will not be granted such immunity. *Davis v. Scherer*, 468 U.S. 183, 196 n. 14 (1984)(explaining "[t]his Court's doctrine grants qualified immunity to officials in the performance of discretionary, but not ministerial, functions.")

Defendant has not produced any authority suggesting a corrections commissioner, such as Defendant, has the discretion to choose whether to hold an inmate after a court has ordered the inmate released. The Sixth Circuit has previously held that in Kentucky it is a ministerial duty to hold a prisoner, until he has served his sentence or been paroled or pardoned. *Rayborn v. Jones*, 282 F.2d 410, 413 (6th Cir. 1960). Defendant claims that he did not release Plaintiff after receiving the court's order to release him because Defendant believed the order was invalid. Defendant held this belief because at the time, Kentucky appellate courts were split as to whether a youthful violent offender, such as Plaintiff, was eligible for shock probation. However, it is immaterial what Defendant believed the state of the law was, because Defendant had no discretion in the matter after having received the court's order.

Defendant has no qualified immunity for his action in failing to release Plaintiff, because his actions were not discretionary.

C.

Similar to the qualified immunity provided for by federal law, Kentucky law provides qualified official immunity, which immunizes officers from certain torts committed in their official capacity. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Quoting the Restatement (Second) of Torts § 895, the Kentucky Supreme court said, "[q]ualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or

functions, i.e., those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, (2) in good faith; and (3) within the scope of the employee's authority." *Id.* (internal citations removed). Once again, qualified immunity only protects officials where the suit arises from the performance of a discretionary act or function. As has already been discussed, Defendant was not performing a discretionary act when he did not release Plaintiff. Instead, Defendant was improperly performing his ministerial duty. As the *Yanero* court said, "an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act." *Id.*

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

This is NOT a final order.

cc: Counsel of Record

5